

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| OMG, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 05-30200 (MAP) |
| v. | § | |
| | § | |
| | § | |
| TRUFAST CORPORATION | § | |
| | § | |
| Defendant. | § | |
| | § | |

## DEFENDANT TRUFAST CORPORATION'S ANSWER AND COUNTERCLAIMS

Defendant TRUFAST Corporation (hereinafter "TRUFAST") by and through its attorneys, hereby answers OMG Inc.'s ("OMG") Complaint as follows:

### Parties

1.      TRUFAST is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and therefore denies the same.

2.      TRUFAST admits it is an Ohio corporation but denies the remaining allegations in paragraph 2 of the Complaint.

### Jurisdiction

3.      TRUFAST admits this a civil action purportedly brought pursuant to the patent laws of the United States, entitled 35, United States Code, and that this Court has jurisdiction over this matter.  Except as expressly admitted, TRUFAST denies the allegations contained in paragraph 3 of the Complaint.

1

4.     TRUFAST denies it resides in this judicial district or as has engaged in sufficient business activity to vest this Court with personal jurisdiction over it.

## Venue

5.     The Defendant denies the allegations in paragraph 5 of the Complaint.

## Factual Background

6.     TRUFAST admits that on April 18, 2000, the U.S. Patent and Trademark Office ("USPTO") issued U.S. Patent No. 6,050,765 ("the `765 Patent") and the inventors named on the face of the patent are Hubert T. McGovern and Todd W. Emmonds are named as inventors on the face of the patent. TRUFAST is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 of the Complaint and therefore denies the same.

7.     TRUFAST is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and therefore denies the same.

8.     TRUFAST is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and therefore denies the same.

9.     TRUFAST admits that pursuant to 35 U.S.C. § 282, the claims of an issued patent are presumed valid but denies the `765 Patent is in fact valid.

10.     TRUFAST admits that it received a written letter dated September 21, 2000 from counsel for Plaintiff alleging infringement of the `765 Patent but denies the remaining allegations in paragraph 10 of the Complaint.

2

## Patent Infringement Count

11.    TRUFAST hereby incorporates its responses to paragraphs 1-10 of the Complaint and incorporates them herein by reference as if fully set forth herein.

12.    TRUFAST denies the allegations in paragraph 12 of the Complaint.

13.    TRUFAST denies the allegations in paragraph 13 of the Complaint.

14.    TRUFAST denies the allegations in paragraph 14 of the Complaint.

15.    TRUFAST denies the allegations in paragraph 15 of the Complaint.

16.    TRUFAST denies the allegations in paragraph 16 of the Complaint.

17.    TRUFAST denies the allegations in paragraph 17 of the Complaint.

18.    TRUFAST denies the allegations in paragraph 18 of the Complaint.

## Affirmative Defenses

1.    The Complaint fails to state a claim upon which relief could be granted.

2.    The claims of the patent-in-suit are invalid for failure to comply with one or more of the following statutory provisions: 35 U.S.C §§ 101, 102, 103 and/or 112.

3.    TRUFAST has not infringed, either directly, contributory, or by inducement, the claims of the patent-in-suit either literally or under the doctrine of equivalents.

4.    Plaintiff's claims are barred by the doctrine of equitable estoppel.

5.    Plaintiff's claims for damages are limited by the doctrine of laches.

6.    The patent-in-suit is unenforceable by virtue of the Plaintiff's patent misuse.

## COUNTERCLAIMS

### Jurisdiction and Venue

1.      TRUFAST hereby incorporates by reference all of the foregoing averments in its Answer and its Affirmative Defenses.

2.      The counterclaims are for declaratory judgment of patent invalidity and non-infringement, which arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, in the Patent Laws of the United States, title 35, United States Code.  Jurisdiction over the state law claims is conferred by the Court's supplementary jurisdiction, 28 U.S.C. § 1367.

3.      Venue is proper under 28 U.S.C. § 1391(b).

4.      As a consequence of the allegations in OMG's Complaint, there is an actual and justiciable controversy between OMG and TRUFAST with respect to the validity and infringement of the patent-in-suit.

### FACTUAL BACKGROUND

5.      In or about September, 2000, OMG's counsel informed TRUFAST of its belief that the accused products infringe the `765 Patent ("the September 2000 Infringement Allegations").

6.      In response to the September, 2000 Infringement Allegations, counsel for TRUFAST supplied evidence to OMG of prior art that invalidates the `765 Patent pursuant to 35 U.S.C. §§ 102 and/or 103.  OMG did not respond in any way to the evidence of invalidity until filing the instant lawsuit some five years later.

7.      OMG offers for sale its products that embody the `765 Patent for approximately forty percent more than TRUFAST offers its accused products for sale.

4

8.      In February 2005 at the National Roofing Contractors Association show ("NRCA") in Orlando, Florida, counterclaimants chief executive officer was approached by Hugh McGovern, OMG's CEO for a private meeting. At the meeting, Mr. McGovern stated OMG and TRUFAST were the only competitors in the timber fasteners market and that TRUFAST should raise its prices. TRUFAST declined the request.

9.      In approximately March 2005, OMG contacted a TRUFAST customer, and quoted a proposed price for its patented products at forty-four percent above TRUFAST's quoted price.

## FIRST CLAIM FOR RELIEF: DECLARATORY JUDGMENT OF PATENT INVALIDITY

10.     TruFast hereby incorporates paragraphs 1-33, inclusive, herein by reference as if fully set forth herein.

11.     The `765 Patent is invalid for failure to comply with one or more of the following statutory provisions: 35 U.S.C. §§ 101, 102, 103 and/or 112.

## SECOND CLAIM FOR RELIEF: DECLARATORY JUDGMENT OF NON-INFRINGEMENT

12.     TRUFAST hereby incorporates paragraphs 1-11, inclusive, herein by reference as if fully set forth herein.

13.     TRUFAST does not infringe, either literally or under the doctrine of equivalents, the claims of the `765 Patent.

## THIRD CLAIM FOR RELIEF: INTENTIONAL INTERFERENCE WITH ADVANTAGEOUS RELATIONS

14.    TRUFAST hereby incorporates paragraphs 1-13, inclusive, herein by reference as if fully set forth herein.

15.    OMG is aware that TRUFAST is in negotiations with another company for the purchase of an interest in TRUFAST.

16.    The timing of this lawsuit was improperly intended to disrupt the negotiations.

17.    In addition, TRUFAST enjoyed a business relationship with the above-referenced customer when OMG made the above statements to the customer.

18.    OMG had knowledge of TRUFAST relationship with the customer when the statements were made.

19.    By making the above statements, OMG intended to interfere with those contractual relationships by deterring the customer from purchasing additional TRUFAST products and to cancel existing contracts.

20.    OMG's interference was intentional and was accomplished by improper means which constituted an injurious falsehood.

21.    As a consequence of OMG's conduct, TruFast has been damaged.

## FOURTH CLAIM FOR RELIEF (UNFAIR COMPETITION)

22.    TruFast hereby incorporates paragraphs 1-21, inclusive, herein by reference as if fully set forth herein.

23.    The conduct of OMG constitutes unfair competition.

24.    As a result of OMG's unfair competition, TRUFAST has suffered damages.

6

## FIFTH CLAIM FOR RELIEF: PRODUCT DISPARAGEMENT
## UNDER THE LANHAM ACT

25.     TruFast hereby incorporates paragraphs 1-24, inclusive, herein by reference as if fully set forth herein.

26.     OMG's statements were false or misleading descriptions or representations in connection with the goods in violation of § 43(a) in the Lanham Act, 15 U.S.C. § 1128(a).

27.     In commercial promotion, OMG's representations concerning TRUFAST products misrepresent the nature, characteristics or qualities of TRUFAST goods, in violation of 15 U.S.C. § 1125(a)(2).

28.     OMG's statements actually deceived or have the tendency to deceive a substantial segment of their audience.

29.     Such deception is material, in that statements and misrepresentations of and concerning TruFast products are likely to influence purchasing decisions.

30.     OMG's statements were made in bad faith because OMG knows the `765 Patent is invalid, unenforceable, or not infringed.

## PRAYER FOR RELIEF

TRUFAST Prays For Entry of Judgment Including:

1.     A permanent injunction ordering OMG to: a.) cease and desist from statements to third parties alleging infringement of the `765 patent; and b.) issue corrective advertising, in the form of a letter on company letterhead acknowledging the falsity of the assertion of infringement of the `765 Patent by TRUFAST.

2.     Compensatory damages.

3.     Attorneys fees' under 35 U.S.C.

4.   Interest.

5.   Costs of the action.

6.   Dismissal of OMG's Complaint


**TRUFAST DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Date: 11/16/05

Respectfully Submitted,
TruFast Corporation
By Its Attorneys

By: _____
Michael J. Rye, Esq. BBO #556383
Daniel E. Bruso, Esq. BBO #631746
Cantor Colburn LLP
55 Griffin Road South
Bloomfield, CT 06002
860-286-2929
Fax: 860-286-0115
**mrye@cantorcolburn.com**
**dbruso@cantorcolburn.com**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been sent, via First Class Mail, postage prepaid, on this _16_ day of November 2005, to:

James C. Duda
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115

Guy D. Yale
Clifford P. Kelly
Alix, Yale & Ristas, LLP
750 Main Street, Suite 1400
Hartford, CT 06103-2721

_____
Michael J. Rye