UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OMG, INC.<br><br>        Plaintiff,<br><br>v.<br><br>TRUFAST CORPORATION<br><br>        Defendant. | Civil Action No. 05-30200 (MAP) |



## DEFENDANT TRUFAST CORPORATION'S FIRST AMENDED COUNTERCLAIMS

### Jurisdiction and Venue

1. TRUFAST hereby incorporates by reference all of its averments in its Answer and its Affirmative Defenses.

2. The counterclaims are for declaratory judgment of patent invalidity and non-infringement, which arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, in the Patent Laws of the United States, title 35, United States Code. Jurisdiction over the state law claims is conferred by the Court's supplementary jurisdiction, 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. § 1391(b).

4. As a consequence of the allegations in OMG's Complaint, there is an actual and justiciable controversy between OMG and TRUFAST with respect to the validity and infringement of the patent-in-suit.

## FACTUAL BACKGROUND

5. In or about September, 2000, OMG's counsel informed TRUFAST of its belief that the accused products infringe the '765 Patent ("the September 2000 Infringement Allegations").

6. In response to the September, 2000 Infringement Allegations, counsel for TRUFAST supplied evidence to OMG of prior art that invalidates the '765 Patent pursuant to 35 U.S.C. §§ 102 and/or 103. OMG did not respond in any way to the evidence of invalidity until filing the instant lawsuit some five years later.

7. OMG knows or should know that the '765 Patent is invalid.

8. OMG offers for sale its products that embody the '765 Patent for approximately forty percent more than TRUFAST offers its accused products for sale.

9. In February 2005 at the National Roofing Contractors Association show ("NRCA") in Orlando, Florida, counterclaimants chief executive officer was approached by Hugh McGovern, OMG's CEO for a private meeting. At the meeting, Mr. McGovern stated OMG and TRUFAST were the only competitors in the timber fasteners market and that TRUFAST should raise its prices. TRUFAST declined the request.

10. In approximately March, 2005, OMG contacted a TRUFAST customer, Perma-Chink Systems and quoted a proposed price for its patented products at forty-four percent above TRUFAST's quoted price.

11. OMG stated to Perma-Chink Systems that TruFast's products infringe the '765 Patent despite knowing that the '765 Patent is invalid or not infringed.

### FIRST CLAIM FOR RELIEF: DECLARATORY JUDGMENT OF PATENT INVALIDITY – 35 U.S.C. § 102

12. TRUFAST hereby incorporates paragraphs 1-11, inclusive, herein by reference as if fully set forth herein.

13. The '765 Patent is invalid for failure to comply with 35 U.S.C. § 102.

### SECOND CLAIM FOR RELIEF: DECLARATORY JUDGMENT OF PATENT INVALIDITY – 35 U.S.C. § 103

14. TRUFAST hereby incorporates paragraphs 1-13, inclusive, herein by references as if fully set forth herein.

15. The '765 Patent is invalid for failure to comply with 35 U.S.C. § 103.

### THIRD CLAIM FOR RELIEF: DECLARATORY JUDGMENT OF NON-INFRINGEMENT

16. TRUFAST hereby incorporates paragraphs 1-15, inclusive, herein by reference as if fully set forth herein.

17. TRUFAST does not infringe, either literally or under the doctrine of equivalents, the claims of the '765 Patent.

### FOURTH CLAIM FOR RELIEF: INTENTIONAL INTERFERENCE WITH ADVANTAGEOUS RELATIONS

18. TRUFAST hereby incorporates paragraphs 1-17, inclusive, herein by reference as if fully set forth herein.

19. OMG is aware that TRUFAST is in negotiations with another company for the purchase of an interest in TRUFAST.

20. The timing of this lawsuit was improperly intended to disrupt the negotiations.

21. In addition, TRUFAST enjoyed a business relationship with Perma-Chink Systems when OMG made the above statements to Perma-Chink.

22. OMG had knowledge of TRUFAST's relationship with Perma-Chink Systems when the statements were made.

23. By making the above statements to TruFast's customers, and by bringing accusations of infringement, knowing them to be false, OMG intended to interfere with TRUFAST's business relationships by deterring the potential buyer from purchasing an interest in TruFast, and deterring Perma-Chink Systems from purchasing additional TRUFAST products and to cancel existing contracts.

24. OMG's interference was intentional and was accomplished by improper means which constituted an injurious falsehood.

25. As a consequence of OMG's conduct, TruFast has been damaged.

### FIFTH CLAIM FOR RELIEF: UNFAIR COMPETITION

26. TruFast hereby incorporates paragraphs 1-25, inclusive, herein by reference as if fully set forth herein.

27. The conduct of OMG constitutes unfair competition.

28. As a result of OMG's unfair competition, TRUFAST has suffered damages.

### SIXTH CLAIM FOR RELIEF: PRODUCT DISPARAGEMENT UNDER THE LANHAM ACT

29. TruFast hereby incorporates paragraphs 1-28, inclusive, herein by reference as if fully set forth herein.

30. OMG's statements were false or misleading descriptions or representations in connection with the goods in violation of § 43(a) in the Lanham Act, 15 U.S.C. § 1128(a).

31. OMG's representations concerning infringement by TRUFAST products, knowing the statements to be false, misrepresents the nature, characteristics or qualities of TRUFAST goods, in commercial promotion, in violation of 15 U.S.C. § 1125(a)(2).

32. OMG's statements actually deceived or have the tendency to deceive a substantial segment of their audience.

33. Such deception is material, in that statements and misrepresentations of and concerning TRUFAST products are likely to influence purchasing decisions.

34. OMG's statements were made in bad faith because OMG knows the '765 Patent is invalid, unenforceable, or not infringed.

## PRAYER FOR RELIEF

TRUFAST Prays For Entry of Judgment Including:

1. A permanent injunction ordering OMG to: a.) cease and desist from statements to third parties alleging infringement of the '765 patent; and b.) issue corrective advertising, in the form of a letter on company letterhead acknowledging the falsity of the assertion of infringement of the '765 Patent by TRUFAST.

2. Compensatory damages.

3. Attorneys fees' under 35 U.S.C.

4. Interest.

5. Costs of the action.

6. Dismissal of OMG's Complaint

**TRUFAST DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Date: 11/29/05

Respectfully Submitted,
TruFast Corporation
By Its Attorneys

By: _____
Michael J. Rye, Esq. BBO #556383
Daniel E. Bruso, Esq. BBO #631746
Cantor Colburn LLP
55 Griffin Road South
Bloomfield, CT 06002
860-286-2929
Fax: 860-286-0115
**mrye@cantorcolburn.com**
**dbruso@cantorcolburn.com**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been sent, via First Class Mail, postage prepaid, on this 29 day of November 2005, to:

James C. Duda
Gaston de los Reyes
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115

Guy D. Yale
Clifford P. Kelly
Alix, Yale & Ristas, LLP
750 Main Street, Suite 1400
Hartford, CT 06103-2721

Seth M. Wilson
McCarter & English, LLP
185 Asylum Street
Hartford, CT 06103

_____
Michael J. Rye