UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OMG, Inc., ) | |
|     Plaintiff, ) | |
| ) | Civil Action No. 05-30200-MAP |
| v. ) | |
| ) | (Jury Trial Demanded) |
| TruFast Corporation, ) | |
|     Defendants. ) | |

### PLAINTIFF'S REPLY TO FIRST AMENDED COUNTERCLAIMS

Plaintiff OMG, Inc. ("OMG") replies to Defendant TruFast Corporation's ("TruFast") First Amended Counterclaims as follows. The Reply assumes that TruFast has withdrawn its Counterclaims dated November 16, 2005.

1. OMG denies the allegations of TruFast's first, second, third, fourth, fifth and sixth Affirmative Defenses and reasserts the allegations of its Complaint.

2. No answer required.

3. OMG admits the allegations set forth in paragraph 3 of TruFast's First Amended Counterclaims.

4. OMG admits the allegations set forth in paragraph 4 of TruFast's First Amended Counterclaims.

5. OMG admits the allegations set forth in paragraph 5 of TruFast's First Amended Counterclaims.

6. OMG denies the allegations set forth in paragraph 6 of TruFast's First Amended Counterclaims.

7. OMG denies the allegations set forth in paragraph 7 of TruFast's First Amended Counterclaims.

8. OMG denies the allegations set forth in paragraph 8 of TruFast's First Amended Counterclaims.

9. With regard to the allegations set forth in paragraph 9 of TruFast's First Amended Counterclaims, OMG admits that Hugh McGovern and a TruFast representative spoke at a NRCA show in Orlando, Florida, but denies the rest of the allegations.

10. OMG denies the allegations set forth in paragraph 10 of TruFast's First Amended Counterclaims.

11. With regard to the allegations set forth in paragraph 11 of TruFast's First Amended Counterclaims, OMG admits that it informed Perma-Chink that in OMG's opinion certain TruFast products infringed the '765 patent and denies the rest of the allegations.

12. OMG hereby repeats its responses to paragraphs 1-11, inclusive, of TruFast's First Amended Counterclaims as if fully set forth herein.

13. OMG denies the allegations set forth in paragraph 13 of TruFast's First Amended Counterclaims.

14. OMG hereby repeats its responses to paragraphs 1-13, inclusive, of TruFast's First Amended Counterclaims as if fully set forth herein.

15. OMG denies the allegations set forth in paragraph 15 of TruFast's First Amended Counterclaims.

16. OMG hereby repeats its responses to paragraphs 1-15, inclusive, of TruFast's First Amended Counterclaims as if fully set forth herein.

17. OMG denies the allegations set forth in paragraph 17 of TruFast's First Amended Counterclaims.

18.     OMG hereby repeats its responses to paragraphs 1-17, inclusive, of TruFast's First Amended Counterclaims as if fully set forth herein.

19.     OMG denies the allegations set forth in paragraph 19 of TruFast's First Amended Counterclaims.

20.     OMG denies the allegations set forth in paragraph 20 of TruFast's First Amended Counterclaims.

21.     With regard to the allegations set forth in paragraph 21 of TruFast's First Amended Counterclaims, OMG admits that Perma-Chink has sold TruFast products, but is without knowledge sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 21 and leaves TruFast to its proof.

22.     OMG admits only so much of the allegations of paragraph 22 as alleges that OMG was aware that Perma-Chink has sold TruFast products, but is without knowledge sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 22 and leaves TruFast to its proof.

23.     OMG denies the allegations set forth in paragraph 23 of TruFast's First Amended Counterclaims.

24.     OMG denies the allegations set forth in paragraph 24 of TruFast's First Amended Counterclaims.

25.     OMG denies the allegations set forth in paragraph 25 of TruFast's First Amended Counterclaims.

26.     OMG hereby repeats its responses to paragraphs 1-25, inclusive, of TruFast's First Amended Counterclaims as if fully set forth herein

27.     OMG denies the allegations set forth in paragraph 27 of TruFast's First Amended Counterclaims.

28.     OMG denies the allegations set forth in paragraph 28 of TruFast's First Amended Counterclaims.

29.     OMG hereby repeats its responses to paragraphs 1-28, inclusive, of TruFast's First Amended Counterclaims as if fully set forth herein.

30.     OMG denies the allegations set forth in paragraph 30 of TruFast's First Amended Counterclaims.

31.     OMG denies the allegations set forth in paragraph 31 of TruFast's First Amended Counterclaims.

32.     OMG denies the allegations set forth in paragraph 32 of TruFast's First Amended Counterclaims.

33.     OMG denies the allegations set forth in paragraph 33 of TruFast's First Amended Counterclaims.

34.     OMG denies the allegations set forth in paragraph 34 of TruFast's First Amended Counterclaims.

## **AFFIRMATIVE DEFENSES**

1.     TruFast's Sixth Claim of its Amended Counterclaim fails to state a claim upon which relief can be granted.

2.     TruFast is not entitled to relief because it has infringed, induced infringement of and/or contributorily infringed, and continues to infringe, induce infringement of and/or contributorily infringe U.S. Patent No. 6,050,765.

3. TruFast is not entitled to relief because each claim of U.S. Patent No. 6,050,765 is valid and is enforceable.

Wherefore TRUFAST is not entitled to any of the relief sought in its prayer for relief and requests that each amended counterclaim be dismissed with prejudice.

Dated this 20th day of December, 2005.

 Respectfully Submitted,
 The Plaintiff,
 OMG, INC.,
 By Its Attorneys:


By: /s/ Seth M. Wilson
James C. Duda
 BBO No. 551207
Gaston de los Reyes
 BBO No. 662200
Seth M. Wilson
 BBO No. 640270
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115
Tel: (413) 781-2820
Fax: (413) 272-6806

Clifford P. Kelly, Esq.
Guy D. Yale, Esq.
Alix, Yale & Ristas, LLP
750 Main Street, 14th Floor
Hartford, CT 06103-2721
Tel: (860) 527-9211
Fax: (860) 527-5029

---

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing was served this 20th day of December, 2005, by first class United States mail, to the following counsel of record:

Michael J. Rye, Esq.
Daniel E. Bruso, Esq.
Cantor Colburn LLP
55 Griffin Road South
Bloomfield, CT 06002

 /s/ Seth M. Wilson
 Seth M. Wilson, Esq.