UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OMG, INC., )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>TRUFAST CORP., )<br>    Defendant. ) | Civil Action No. 05-30200-MAP |

**PLAINTIFF'S MOTION TO STRIKE
<u>and SUPPORTING MEMORANDUM</u>**

Pursuant to Federal Rule of Civil Procedure 12(f), Plaintiff OMG, Inc. ("OMG") hereby moves the Court to strike paragraphs 8 and 9, and the second half of paragraph 10, of the First Amended Counterclaims of Defendant TruFast Corporation ("TruFast"). These statements are immaterial to TruFast's counterclaims (or any other claim in this case) and will unfairly prejudice OMG. OMG also moves this court to strike TruFast's sixth affirmative defense of patent misuse for its failure to present a factual basis for its assertion.

**I.     Paragraphs 8 and 9, and part of paragraph 10, of the Amended Counterclaims should be stricken.**

Allegations in a counterclaim should be stricken as immaterial where they have "no essential or important relationship to the claim for relief or the defenses being pleaded[.]" 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 706-07 (2d ed.1990). The claims for relief pleaded by TruFast are for patent invalidity, non-infringement, intentional interference with advantageous relations, unfair competition and product disparagement. Its allegations, however, include statements that on their face and within the context of TruFast's pleadings are irrelevant and unfairly prejudicial. These are:

    Paragraph 8:   "OMG offers for sale its products that embody the '765 patent for approximately forty percent more that TRUFAST offers its accused products for sale."

>Paragraph 9: "In February 2005 at the National Roofing Contractors Association show ("NRCA") in Orlando, Florida, counterclaimants chief executive officer was approached by Hugh McGovern, OMG's CEO for a private meeting. At the meeting, Mr. McGovern stated OMG and TRUFAST were the only competitors in the timber fasteners market and that TRUFAST should raise its prices. TruFast declined the request."
>
>Paragraph 10: "In approximately March, 2005, OMG contacted a TRUFAST customer, Perma-Chink Systems *and quoted a proposed price for its patented products at forty-four percent above TRUFAST's quoted price*."

The highlighted language of paragraph 10 and all of paragraphs 8 and 9 can have absolutely no bearing on any of TruFast's counterclaims, and certainly do not have any "essential or important relationship" to those counterclaims. That is, there is no reasonable analysis by which proof of the offer for sale of a party's products at a higher price than the claimant's products, or of the suggestion that the claimant raise its prices, can be relevant to proof of the invalidity of a patent, that a product does not infringe a patent, or that a party intentionally interfered with an advantageous relation, unfairly competed, or disparaged a product.

Rather, these allegations can be presented only to disparage the character of Plaintiff and its officers. As such, OMG would be prejudiced if these allegations were allowed to remain in the counterclaims because they carry a serious risk of inflaming jurors. Accordingly, they should be stricken. See Alvorado Morales v. Digital Equip. Corp., 843 F.2d 613, 617-18 (1st Cir. 1988) (affirming striking of paragraphs that were "not substantive elements of the cause of action").

## II.     The patent misuse affirmative defense should be stricken.

The affirmative defense of patent misuse should be stricken when it simply asserts misuse and fails to state the factual basis for the claim. See Takeda Chemical Industries, LTD v. Alphapharm PTY., LTD, No. 04 Civ.1966(DLC), 2004 WL 1872707 at *1-2

(S.D.N.Y. Aug. 19, 2004) (striking conclusory, one sentence misuse defense for failure to provide notice of what constituted misuse); Aktiebolag v. Genpharm, No. 98 Civ. 3658 (BSJ), 2000 WL 257119 at *2-3 (S.D.N.Y. March 8, 2000) (same).  Here, TruFast's patent misuse defense fails to provide any factual basis for the claim, stating in its 6th affirmative defense simply that "[t]he patent-in-suit is unenforceable by virtue of the Plaintiff's patent misuse."  This is precisely the type of single sentence, conclusory patent misuse defense stricken in both the Takeda case and Genpharm case for failure to put the plaintiffs on notice of what they did that constituted patent misuse.  Accordingly, because TruFast's patent misuse defense here leaves OMG completely in the dark about how it allegedly misused its patent, the defense should be stricken.

## CONCLUSION

For the foregoing reasons, Plaintiff OMG requests that this Court strike paragraphs 8 and 9, and the identified section of paragraph 10 of TruFast's Amended Counterclaim and strike TruFast's affirmative defense of patent misuse.

Dated:  December 20, 2005	Respectfully submitted,
	The Plaintiff,
	OMG, INC.
	By Its Attorneys:

	/s/ Seth M. Wilson_____
	James C. Duda
	  BBO No.  551207
	Gaston de los Reyes
	  BBO No.  662200
	Seth M. Wilson
	  BBO No.  640270
	Bulkley, Richardson and Gelinas, LLP
	1500 Main Street, Suite 2700
	Springfield, MA  01115-5507
	Tel.: (413) 272-6288
	Fax: (413) 272-6806

        Clifford P. Kelly, Esq.
        Guy D. Yale, Esq.
        Alix, Yale & Ristas, LLP
        750 Main Street, 14th Floor
        Hartford, CT  06103-2721
        Tel: (860) 527-9211
        Fax: (860) 527-5029

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

I, Seth M. Wilson, attorney for OMG, Inc., hereby certify that counsel have conferred in the captioned matter in a good faith attempt to resolve or narrow the issues raised herein.

        /s/ Seth M. Wilson
        Seth M. Wilson

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served this 20th day of December, 2005, by first class United States mail, to the following counsel of record:

Michael J. Rye, Esq.
Daniel E. Bruso, Esq.
Cantor Colburn LLP
55 Griffin Road South
Bloomfield, CT  06002

        /s/ Seth M. Wilson
        Seth M. Wilson