UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OMG, INC.<br><br>  Plaintiff,<br><br>v.<br><br>TRUFAST CORPORATION<br><br>  Defendant. | §<br>§<br>§<br>§    Civil Action No. 05-30200 (MAP)<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**DEFENDANT TRUFAST CORPORATION'S OPPOSITION TO PLAINTIFF'S
MOTION TO STRIKE**

Defendant TRUFAST Corporation ("TRUFAST") submits its opposition to Plaintiff OMG, Inc.'s Motion to Strike (the "Motion to Strike"). In support thereof, TRUFAST relies upon the pleadings filed to date and states as follows.

### I.  INTRODUCTION

The factual allegations that Plaintiff seeks to strike, paragraphs 8 – 10 of Defendant TRUFAST Corporation's First Amended Counterclaims (the "Amended Counterclaims"), support TRUFAST'S affirmative defense that Plaintiff is misusing the asserted patent by attempting to expand its patent monopoly, as well as TRUFAST's counterclaim that Plaintiff is engaging in unfair competition by attempting to force TRUFAST to raise its prices, and that it is intentionally interfering with TRUFAST's advantageous relations. Accordingly, there is no reason to strike the Allegations.

Plaintiff also seeks to strike TRUFAST's patent misuse affirmative defense, claiming that it lacks factual support, even though the Amended Counterclaim is replete with allegations relating to the manner in which Plaintiff is improperly attempting to

1

expand the scope of its patent and the anti-competitive effects thereof. Once again, this Court should deny the Motion to Strike.

## II.   BACKGROUND

This is a patent infringement case. Plaintiff incorrectly claims that TRUFAST infringes United States Patent No. 6,050,765, entitled "Fastener For Logs And Fastening Technique Therefor" (the " '765 Patent"). *See* Complaint Seeking Damages and Request For Jury Trial ("Complaint"), Docket No. 1-1, ¶¶ 6, 12 – 14. Plaintiff claims that the '765 Patent is directed toward a screw for securing wood pieces, that the invention is particularly useful for securing logs for a wood home, and that TRUFAST's LumberJack, Fast Wing and TimberFast fasteners (collectively, the "Accused Devices") infringe the '765 Patent. *Id.* at ¶¶ 8, 12 – 14.

TRUFAST denies that the Accused Devices infringe the '765 Patent. *See* Defendant TRUFAST Corporation's Answer and Counterclaims (the "Answer"), Docket No. 10, ¶¶ 12 – 14. TRUFAST has asserted several affirmative defenses, including without limitation that the '765 Patent is invalid, that Plaintiff's claims are barred under the doctrine of laches and equitable estoppel and that the '765 Patent is unenforceable by virtue of Plaintiff's misuse of the Patent. *Id.* at Affirmative Defenses, ¶¶ 1 – 6. TRUFAST also asserts counterclaims seeking declaratory judgments of invalidity and non-infringement (Counts I, II and III), together with damages attributable to Plaintiff's intentional interference with TRUFAST's advantageous relationships (Count IV), unfair competition (Count V), and violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1128(a) (Count VI). *See* Amended Counterclaim, Docket No. 17, ¶¶ 12 – 34.

The Amended Counterclaim sets forth the basis for TRUFAST's claim that Plaintiff is misusing the '765 Patent by attempting to expand the scope of its patent rights, engaging in unfair competition by trying to force TRUFAST to raise its prices in order to match the high prices already charged by Plaintiff and the motivation for its intentional interference with TRUFAST's advantageous relations. In particular, paragraphs 8 – 10 of the Amended Counterclaim provide that:

> 8. OMG offers for sale its products that embody the '765 Patent for approximately forty percent more than TRUFAST offers its accused products for sale
>
> 9. In February 2005 at the National Roofing Contractors Association show ("NRCA") in Orlando, Florida, counterclaimants chief executive officer was approached by Hugh McGovern, OMG's CEO for a private meeting. At the meeting, Mr. McGovern stated OMG and TRUFAST were the only competitors in the timber fasteners market and that TRUFAST should raise its prices. TRUFAST declined the request.
>
> 10. In approximately March, 2005, OMG contacted a TRUFAST customer, Perma-Chink Systems and quoted a proposed price for its patented products at forty-four percent above TRUFAST's quoted price.

Amended Counterclaim, ¶¶ 8 – 10 (collectively, the "Factual Allegations").

Plaintiff apparently disagrees with the Allegations, and seeks to strike them pursuant to Fed. R. Civ. P. 12(f) by claiming that they are irrelevant and unfairly prejudicial. Motion to Strike, p. 1. Plaintiff also seeks to strike TRUFAST's affirmative defense of patent misuse (the "Patent Misuse Defense"). *Id.* As set forth below, there is no basis for doing so.

### III. ARGUMENT

Plaintiff is improperly attempting to strike factual allegations with which it does not agree. Plaintiff's argument, that the Factual Allegations are irrelevant and unfairly prejudicial, and that the Patent Misuse Defense is unsupported by factual allegations, fails because (i) the Allegations are relevant; and (ii) the Patent Misuse Defense is supported by the allegations in the Amended Counterclaim, particularly including paragraphs 5 – 11.

Fed. R. Civ. P. 12(f) provides that

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed. R. Civ. P. 12(f).

"Both because striking a portion of a pleading is a drastic remedy, and because it is often sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted." *Federal Deposit Insurance Corp. v. Niblo*, 821 F.Supp. 441, 449 (N.D. Tex. 1993) (*citing Augustus v. Board of Public Instruction of Escambia County, Florida*, 306 F.2d 862, 868 (5th Cir. 1962) and 5A Charles A Wright and Arthur R. Miller, Federal Practice and Procedure § 1380 (1990 and Supp. 1992)). "The function of a F.R.Civ.P. 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Wilkerson v. Butler*, 229 F.R.D. 166, 170

(E.D. Cal. 2005) (*quoting Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cor. 1983); *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993).

With regard to the striking of factual allegations, "[m]otions to strike may be granted if 'it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.'" *Id.* "An 'immaterial' matter has no essential or important relationship to the claim for relief or defenses pleaded." *Id.* (*citing Fantasy, Inc.*, 984 F.2d at 1527; *Gilbert v. Eli Lilly & Co., Inc.*, 56 F.R.D. 116, 120, n. 5 (D.P.R. 1972); *Fleischer v. A.A.P., Inc.*, 180 F.Supp. 717 (S.D.N.Y. 1959)).

With regard to striking affirmative defenses, three prerequisites must be satisfied before the Court grants any motion to strike. *S.E.C. v. Toomey*, 866 F.Supp. 719, 722 (1992). "First, there may be no question of fact which might allow the defense to succeed." *Id.* "Second, there may be no substantial question of law, a resolution of which could allow the defense to succeed." *Id.* "Third, plaintiff must show that it is prejudiced by the inclusion of the defense." *Id.*; *see also United States Commodity Futures Trading Commission v. A. S. Templeton Group, Inc.*, 287 F.Supp. 2d 531, 533 (E.D.N.Y. 2003).

### A. THE ALLEGATIONS BEAR ON THE SUBJECT MATTER OF THE LITIGATION AND SHOULD NOT BE STRICKEN.

Contrary to Plaintiff's allegations, the Allegations bear on the subject matter of the litigation for at least three reasons. First, they are relevant to TRUFAST's Patent Misuse Defense. Second, they are relevant to TRUFAST's unfair competition counterclaim. Finally, they are relevant to TRUFAST's claim that Plaintiff is intentionally interfering with TRUFAST's advantageous relations.

1. The Allegations Bear On The Patent Misuse Defense.

"The defense of patent misuse arises from the equitable doctrine of unclean hands, and relates generally to the use of patent rights to obtain or to coerce an unfair commercial advantage. Patent misuse relates primarily to a patentee's actions that affect competition in unpatented goods or that otherwise extend the economic effect beyond the scope of the patent grant." *Mallinckrodt, Inc. v. Medipart, Inc.*, 976 F.2d 700, 703-04 (Fed. Cir. 1992). Unless the patentee's actions fall within the ambit of so-called *per se* patent misuse, *e.g.*, so-called tying arrangements or requiring royalties after the expiration of the patent term, or are specifically exempted under 35 U.S.C. § 271(d), the Court analyzes the actions to determine whether "the practice has the effect of extending the patentee's statutory rights and does so with an anti-competitive effect...." *Virginia Panel Corp. v. Mac Panel Co.*, 133 F.3d 860, 869 (Fed. Cir. 1997). Knowingly asserting a patent that is invalid due to anticipatory prior art constitutes patent misuse. *See Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*, 806 F.2d 1565, 1580 (Fed. Cir. 1986); *see also Atari Games Corp. v. Nintendo of America, Inc.*, 897 F.2d 1572, 1576 (Fed. Cir. 1990).

The Allegations are directly relevant to the Patent Misuse Defense. In particular, paragraphs 5 – 11 of the Amended Counterclaim set forth the basis for TRUFAST's claim that Plaintiff was attempting to expand its patent rights by asserting the '765 Patent, even though Plaintiff knows that (i) the '765 Patent is invalid; and (ii) the Accused Devices to not infringe. Amended Counterclaim, ¶¶ 5 – 11. The Allegations are directly relevant to the Patent Misuse Defense because they show the scope and breadth of Plaintiff's anti-competitive actions, which is relevant under *Virginia Panel*

*Corp.* Sine the Allegations do, in fact, bear upon the subject matter of the litigation, no basis exists to strike them. *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005) ("[m]otions to strike may be granted if 'it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.'") (*quoting Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cor. 1983); *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993).

The fact that the Allegations appear in the Amended Counterclaim, rather in the section of the Answer entitled "Affirmative Defenses," is irrelevant. In *Great Plains Laboratory, Inc. v. MetaMetrix Clinical Laboratory*, 2004 WL 2491653 (D. Kan. 2004), the Court considered whether allegations in a counterclaim could form the basis for an affirmative defense of patent misuse. *Id.* at *2. Like the present case, the affirmative defense was set forth in a single sentence in the "Affirmative Defenses" portion of its answer. *Id.* The Court concluded that the defendant's answer and counterclaim should be read as a whole, and that allegations in the counterclaim could form the basis for the "short and plain" statement of the misuse defense required under Fed. R. Civ. P. 8. *Id.*

2. **The Allegations Bear On The Unfair Competition Counterclaim.**

Even if the Allegations were not relevant to the Patent Misuse Defense, and they are, there is no basis for striking them because the Allegations are relevant to TRUFAST's unfair competition counterclaim. Amended Counterclaim, ¶¶ 26 – 28. Accordingly this Court should deny the Motion to Strike.

The Federal Circuit recognizes that the tort of unfair competition involving a patent is broad enough to encompass business practices are "immoral, unethical, oppressive, unscrupulous, or substantially injurious." *Rodime PLC v. Seagate*

7

*Technology, Inc.*, 174 F.3d 1294, 1306 (Fed. Cir. 1999) (*citing People v. Casa Blanca Convalescent Homes, Inc.*, 159 Cal.App.3d 509, 206 Cal.Rptr. 164, 177 (Cal.Ct.App. 1984)). In the present case, TRUFAST intends to show that Plaintiff's attempts to raise the prices for TRUFAST's products are part of an immoral, unethical, oppressive, unscrupulous and substantially injurious scheme to increase its revenues at the expense of TRUFAST. More particularly, if it had succeeded, Plaintiff's attempt to raise TRUFAST's prices would have lessened the differences between Plaintiff's products and the Accused Devices, thereby allowing Plaintiff's access to markets otherwise closed to them by virtue of their high prices. Accordingly, this Court should refuse to strike the Allegations.

       3.    **The Allegations Bear On The Intentional Interference With Advantageous Relations Counterclaim.**

TRUFAST alleges that Plaintiff is intentionally interfering with its advantageous relations by, *inter alia*, making false claims regarding infringement and filing suit in an improper attempt to derail negotiations between the parties. Amended Counterclaim, ¶¶ 18 – 25. The Allegations are relevant to this counterclaim because they reveal at least part of Plaintiff's motivation for doing so. In particular, Plaintiff, finding itself unable to compete on price, and unable to convince TRUFAST to raise its prices, resorted to improper scare tactics in an effort to gain customers and injure TRUFAST. Once again, this Court should find that the Allegations bear on the subject matter of the litigation and that, under *Wilkerson* and the plain language of Fed. R. Civ. P. 12(f), no basis exists for striking them.

      B.    **TRUFAST HAS ADEQUATELY SET FORTH THE BASIS FOR ITS PATENT MISUSE DEFENSE.**

8

Plaintiff's suggestion that TRUFAST has failed to properly plead its Patent Misuse Defense fails because Plaintiff fails to read the Answer and Amended Counterclaim as a whole. Accordingly, this Court should deny the Motion to Strike.

As a preliminary matter, Plaintiff fails to articulate the proper standard for pleading patent misuse because neither of the cases it relies upon clearly indicate whether patent misuse must be pled with specificity pursuant to Fed. R. Civ. P. 9, or whether the short and plain statement required by Fed. R. Civ. P. 8 applies.

In fact, notice pleading is all that is required in order to set forth a patent misuse defense. *Great Plains Laboratory, Inc. v. Metametrix Clinical Laboratory*, 2004 WL 2491653, * 1 (D. Kan. 2004) (*citing Resqnet.com. Inc. v. Lansa, Inc.*, 2004 WL 1627170, at *4 (S.D.N.Y. July 21, 2004) (holding that misuse and inequitable conduct are different defenses and have different pleading standards); *Raines v. Switch Mfg.*, No. 96-2648 DLJ, 1997 WL 578547, at *7 (N.D.Cal. July 28, 1997) (granting the defendant leave to amend to plead unclean hands defense in conformance with Rule 8); *see also Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*, 1996 WL 467293, at *13 (N.D.Cal. July 24, 1996) (holding that unclean hands and misuse only must be pleaded with particularity where the defenses rest on allegations of inequitable conduct before the Patent and Trademark Office).

Plaintiff also fails to look beyond the single sentence setting forth the Patent Misuse Defense to the rest of the Answer and Amended Counterclaim. *Id.* at *2 (defendant's answer and counterclaim should be read as a whole, and that allegations in the counterclaim could form the basis for the "short and plain" statement of the misuse defense required under Fed. R. Civ. P. 8).

9

As set forth above, "[t]he defense of patent misuse arises from the equitable doctrine of unclean hands, and relates generally to the use of patent rights to obtain or to coerce an unfair commercial advantage. Patent misuse relates primarily to a patentee's actions that affect competition in unpatented goods or that otherwise extend the economic effect beyond the scope of the patent grant." *Mallinckrodt, Inc. v. Medipart, Inc.*, 976 F.2d 700, 703-04 (Fed. Cir. 1992).

In the present case, paragraphs 5 – 12 of the Amended Counterclaim set forth the basis for its Patent Misuse Defense. In particular, TRUFAST alleges that:

5. In or about September, 2000, OMG's counsel informed TRUFAST of its belief that the accused products infringe the '765 Patent ("the September 2000 Infringement Allegations").

6. In response to the September, 2000 Infringement Allegations, counsel for TRUFAST supplied evidence to OMG of prior art that invalidates the '765 Patent pursuant to 35 U.S.C. §§ 102 and/or 103. OMG did not respond in any way to the evidence of invalidity until filing the instant lawsuit some five years later.

7. OMG knows or should know that the '765 Patent is invalid.

8. OMG offers for sale its products that embody the '765 Patent for approximately forty percent more than TRUFAST offers its accused products for sale.

9. In February 2005 at the National Roofing Contractors Association show ("NRCA") in Orlando, Florida, counterclaimants chief executive officer was approached by Hugh McGovern, OMG's CEO for a private meeting. At the meeting, Mr. McGovern stated OMG and TRUFAST were the only competitors in the timber fasteners market and that TRUFAST should raise its prices. TRUFAST declined the request.

10. In approximately March, 2005, OMG contacted a TRUFAST customer, Perma-Chink Systems and quoted a

> proposed price for its patented products at forty-four percent above TRUFAST's quoted price.
>
> 11. OMG stated to Perma-Chink Systems that TruFast's products infringe the '765 Patent despite knowing that the '765 Patent is invalid or not infringed.

Amended Counterclaim, ¶¶ 5 – 11.

The foregoing allegations describe the manner in which Plaintiff is misusing the '765 Patent and the anti-competitive effect of its actions. Under *Great Plains Laboratory*, it is entirely appropriate for this Court to consider these allegations when it finds that TRUFAST has met Fed. R. Civ. P. 8's requirement of a short and plain statement substantiating its Patent Misuse Defense.

Under *Toomey*, the existence of these factual allegations creates a material dispute that precludes striking the Patent Misuse Defense. *See S.E.C. v. Toomey*, 866 F.Supp. 719, 722 (1992) (affirmative defense cannot be stricken where a question of fact might allow the defense to succeed). Once TRUFAST proves the foregoing allegations, it will prevail upon its Patent Misuse Defense. Accordingly, this Court should deny the Motion to Strike.

## IV.   CONCLUSION

A motion to strike is a disfavored method of disposing of factual allegations and affirmative defense that do not bear upon the litigation. In the present case, the Allegations bear on the Patent Misuse Defense, as well as TRUFAST's unfair competition and intentional interference counterclaims. Accordingly, this Court should deny the Motion to Strike.

With regard to the Patent Misuse Defense, TRUFAST's Amended Counterclaim sets forth the short and plain statement required to substantiate the defense. Once again, this Court should deny the Motion to Strike.

Date: _____

Respectfully Submitted,
TruFast Corporation
By Its Attorneys

By: __/s/ Daniel E. Bruso_____
    Michael J. Rye, Esq. BBO #556383
    Daniel E. Bruso, Esq. BBO #631746
    Cantor Colburn LLP
    55 Griffin Road South
    Bloomfield, CT 06002
    860-286-2929
    Fax: 860-286-0115
    **mrye@cantorcolburn.com**
    **dbruso@cantorcolburn.com**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been sent, via First Class Mail, postage prepaid, on this 31st day of January 2006, to:

James C. Duda
Gaston de los Reyes
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115

Guy D. Yale
Clifford P. Kelly
Alix, Yale & Ristas, LLP
750 Main Street, Suite 1400
Hartford, CT 06103-2721

Seth M. Wilson
McCarter & English, LLP
185 Asylum Street
Hartford, CT 06103

    _/s/ Daniel E. Bruso_____
    Daniel E. Bruso