UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OMG, INC. )<br>)<br>Plaintiff, )<br>)<br>V. )<br>)<br>TRUFAST CORPORATION )<br>)<br>Defendant. ) | Civil Action No. 05-30200-MAP |

### STIPULATED MOTION FOR LEAVE
### TO FILE REPLY BRIEF

Pursuant to Local Rule 7.1, Plaintiff OMG Inc. ("OMG"), hereby files this Stipulated Motion For Leave to File Reply Brief and moves the Court for leave to file the attached Plaintiff's Reply Brief in Support of Motion to Strike (attached as Exhibit 1). In support of this Motion, OMG states that counsel for Defendant TruFast has stipulated to OMG's filing the attached Reply Brief in Support of Motion to Strike.

Accordingly, OMG requests that the Court accept for filing and consider Plaintiff's Reply Brief in Support of Motion to Strike.

Dated: February 24, 2005

|  |  |
|---|---|
|  | Respectfully submitted, |
| The Defendant,<br>TRUFAST<br>By Its Attorneys: | The Plaintiff,<br>OMG, INC.<br>By Its Attorneys: |
| /s/ Daniel E. Bruso, by permission<br>Michael J. Rye, Esq.<br>Daniel E. Bruso, Esq.<br>Cantor Colburn LLP<br>55 Griffin Road South<br>Bloomfield, CT 06002 | /s/ Seth M. Wilson<br>Seth M. Wilson<br>BBO No. 640270<br>James C. Duda<br>BBO No. 551207<br>Gaston de Los Reyes<br>BBO No. 662200<br>Bulkley, Richardson and Gelinas, LLP<br>1500 Main Street, Suite 2700<br>Springfield, MA 01115-5507<br>Tel.: (413) 272-6288<br>Fax: (413) 272-6806<br><br>Clifford P. Kelly, Esq.<br>Guy D. Yale, Esq.<br>Alix, Yale & Ristas, LLP<br>750 Main Street, 14th Floor<br>Hartford, CT 06103-2721<br>Tel: (860) 527-9211<br>Fax: (860) 527-5029 |

IT IS SO ORDERED.

DATED:_____  _____
HONORABLE MICHAEL A. PONSOR
UNITED STATES DISTRICT COURT JUDGE

## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the STIPULATED MOTION FOR LEAVE TO FILE REPLY BRIEF was served this 24th day of February, 2006, by first class United States mail, to the following counsel of record:

Michael J. Rye, Esq.
Daniel E. Bruso, Esq.
Cantor Colburn LLP
55 Griffin Road South
Bloomfield, CT  06002

                                           /s/ Seth M. Wilson_____
                                           Seth M. Wilson

329026

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OMG, INC., <br>         Plaintiff, <br> <br> v. <br> <br> TRUFAST CORP., <br>         Defendant. | ) <br> ) <br> )   Civil Action No. 05-30200-MAP <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE**

Plaintiff OMG, Inc. ("OMG") hereby submits this Reply Brief ("Reply") in support of its Motion to Strike (Docket No. 20) ("Motion") and in response to Defendant Trufast Corporation's Opposition to Plaintiff's Motion to Strike (Docket No. 26) ("Opposition"), which attempts to overcome its failure to plead a factual basis for its affirmative defense of "patent misuse" by relying upon the allegations pleaded in its Amended Counterclaims.

Even if it were appropriate to rely upon Trufast's counterclaims to save its affirmative defense, its efforts to do so still must fail because the counterclaims, like the affirmative defense, rely upon its assertions that OMG's infringement claims were a fraud. Accordingly, Trufast must plead this with particularity and because Trufast has not met this standard, the defense should be stricken.[1] In addition, although this argument will be addressed completely in a subsequent pleading, it bears mention that Trufast cannot rely on the allegations of the intentional interference, unfair competition and Lanham Act counterclaims to save its affirmative

---

[1] The Opposition suggests that paragraphs 8-10 of the Amended Counterclaim, which OMG seeks to strike as scandalous, bear on its misuse, unfair competition, and intentional interference claims because OMG would have gained access to a new market if Trufast raised its prices. Opposition at 6, 7-8. But because the Noerr-Pennington doctrine is dispositive of Trufast's unfair competition, intentional interference and Lanham Act counterclaims, as will be established in a subsequent pleading, OMG will not overly-burden the Court with a lengthy response to this speculative theory. It suffices to say that Trufast has not cited a single case suggesting that OMG's charging higher prices or asking Trufast to raise its prices is a substantive element of any of its claims. Nor has Trufast explained how OMG's attempts to raise Trufast's prices were "immoral, unethical, oppressive, or unscrupulous." Opposition at 8.

defense of patent misuse because OMG is entitled to immunity from these counterclaims under the Noerr-Pennington doctrine.[2]

## ARGUMENT

Patents issued by the United States are presumed to be asserted in good faith and that presumption can only be overcome by affirmative evidence of bad faith. C.R. Bard, Inc. v. M3 Systems, Inc., 157 F. 3d 1340, 1369 (Fed. Cir. 1998). This standard encourages investment and other commercial commitments in patents and protection of those investments by limiting potential punitive counterclaims of anti-trust, unfair competition and the like, if the patent turns out to be invalid, which counterclaims would otherwise operate to discourage patentees from asserting their rights. See id. So, unless there is affirmative evidence that a patentee's claims are objectively baseless and intentionally brought only to use the legal system as an anticompetitive weapon, "the patentee must have the right of enforcement of a duly granted patent, unencumbered by punitive consequences should the patent's validity or infringement not survive litigation." Id.

---

[2] The term Noerr-Pennington refers to an immunity doctrine that shields petitioners of the government from antitrust liability as detailed in two Supreme Court cases Eastern R.R. Presidents Conf. v. **Noerr** Motor Freight, Inc., 365 U.S. 127 (1961) (emphasis added) and United Mine Workers v. **Pennington**, 381 U.S. 657 (1965) (emphasis added). This shield has been applied broadly to protect patentees from claims based on attempts to enforce patents. See Carroll Touch, Inc. v. Electro Mechanical Sys. Inc., 15 F.3d 1573, 1581-83 (Fed. Cir. 1993) (affirming district court's grant of summary judgment on patent anti-trust suit based on invalidity, unfair competition and other state court counterclaims in reliance on Noerr). As a shield to liability, the Noerr-Pennington doctrine perhaps applies only indirectly to Trufast's claims of patent misuse in its context as an affirmative defense. To the extent that Trufast seeks to bring to bear the "wrongful" concepts of its counterclaims to support misuse and any claims of liability, however, the principles behind the doctrine apply to bar Trufast's argument. In C.R. Bard, Inc. v. M3 Systems, Inc., 157 F. 3d 1340, 1372-73 (Fed. Cir. 1998), the Federal Circuit noted that "'wrongful' enforcement of patents, is activity protected under [the Noerr-Pennington doctrine] and is not subject to collateral attack as a new ground of 'misuse.'" Id. (reversing jury verdict of patent misuse). As will be detailed further in a subsequent pleading, the Noerr-Pennington doctrine also applies directly to, and immunizes OMG from, Trufast's unfair competition, intentional interference and Lanham Act counterclaims.

I.   **Because Trufast's patent misuse defense asserts fraud, Trufast must plead this defense with particularity.**

Trufast claims that "notice pleading is all that is required in order to set forth a patent misuse defense." Opposition at 9. This, however, is wrong because Trufast relies on a fraud-based theory.

Specifically, Trufast claims that OMG committed patent misuse because it asserted infringement knowing that United States Patent No. 6,050,765 ("the '765 patent") was invalid. Opposition at 10-11. Because Trufast's claim rests on allegations of fraud, i.e. that OMG fraudulently asserted infringement of a patent it knew was invalid, Trufast must plead the factual basis for its claim with the particularity of Rule 9(b), just like any other fraud claim. See Fed. R. Civ. P. 9(b); Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc., No. C-95-3577 DLJ, 1996 WL 467293 at *13 (N.D. Cal. July 24, 1996) (holding that to the extent that the "patent misuse [claims] rest[] on allegations of inequitable conduct [i.e. fraud] before the PTO, defendant must plead these defenses with the specificity required [of fraud claims] under Rule 9(b)" and striking patent misuse affirmative defense for failure to provide factual basis); Raines v. Switch Manuf., No. C-96-2648 DLJ, 1997 WL 578547 at *4-5 (N.D. Cal. July 28, 1997) (striking patent misuse affirmative defense and counterclaim); Cf. Honeywell Consumer Products v. Windmere Corp., 993 F. Supp. 22, 24 (D. Mass. 1998) (defendant stated sufficient facts to state sham litigation exception to Noerr, to state elements of unfair competition and to avoid striking of misuse affirmative defense).

Various courts have explained the rationale for the higher pleading standard for these types of claims. For example, in Advanced Cardiovascular, the court explained that, because federal law precludes a patentee from being guilty of misuse by attempting to enforce its patent, a "defendant must provide a factual basis for alleging that [the plaintiff] knew the [patents at

3

issue] were invalid or unenforceable at the time this action was filed." <u>Advanced Cardiovascular</u>, 1996 WL 467293 at *13 (citing 35 U.S.C. § 271 (d)). Similarly, in <u>Raines v. Switch Manuf.</u>, No. C-96-2648 DLJ, 1997 WL 578547 at *4-5 (N.D. Cal. July 28, 1997), the court applied the same standard to strike a patent misuse defense and to dismiss a counterclaim for patent misuse. In that case, the court would grant the defendant leave to amend only if it could "establish [in the amended pleading] a factual basis for its allegations that plaintiffs brought this action in bad faith, knowing that the patent upon which they were suing was unenforceable as a matter of law." <u>Id.</u> Trufast's attempt to rely on the <u>Raines</u> opinion as support for a notice pleading standard (<u>see</u> Opposition at 9) is quite surprising, in that the <u>Raines</u> court went out of its way to distinguish the notice pleading standard for the unclean hands and equitable estoppel defenses, from the higher fact-based particularity pleading required of the misuse claims. <u>Id.</u>[3] Accordingly, Trufast must establish a factual basis for its allegations that OMG brought this action in bad faith, knowing that the patent upon which they were suing was unenforceable as a matter of law.

---

[3]Trufast also fails to mention that the court in <u>Raines</u> dismissed the patent misuse counterclaim and struck the misuse affirmative defense because the defendant failed to "list[] <u>any</u> facts upon which the Court could conclude that the claims brought by the plaintiff were in fact brought in bad faith." <u>Raines</u> at 3-5 (emphasis in original). Furthermore, the, defendant's quote from <u>Mallinckrodt, Inc.</u> on page 6 of the Opposition is wrong and does not appear in that decision. Rather the Court in <u>Mallinckrodt, Inc.</u> reversed the district court's finding of patent misuse, and noted that "it is not an actionable wrong for one in good faith to make plain to whomsoever that it is his purpose to insist upon what he believes to be his legal rights, even though he may misconceive what those rights are." <u>Mallinckrodt, Inc.</u>, 976 F. 2d 700, 709-10 (Fed. Cir. 1992). Trufast's citation to <u>Resqnet.com, Inc. v. Lansa, Inc.</u>, No. 01 Civ. 3578(RWS), 2004 WL 1627170 (S.D.N.Y. July 21, 2004) and <u>Great Plains Lab., Inc. v. Metametrix Clinical Lab.</u>, Case No. 04-2125-GTV, 2004 WL 2491653 at *1, 2 (D. Kan. Nov. 3, 2004), are both inapplicable to this case, because neither case dealt with fraud-based patent misuse claims and rather, both decisions recognized that fraud-based claims, like those based on inequitable conduct, must comply with Rule 9(b). <u>Great Plains Lab</u>, 2004 WL 2491653 at *1 (striking inequitable conduct affirmative defense); <u>Resqnet.com</u>, 2004 WL 1627170 at *4 (holding that simply alleging patent misuse does not assert inequitable conduct and defining misuse narrowly as only based "for example, [on] an improper licensing or tying arrangement").

4

II. **Trufast's affirmative defense of patent misuse must be stricken because it fails to provide a factual basis for its claim that OMG knew that the '765 Patent was invalid.**

Assuming arguendo that Trufast is correct that the Court should consider the factual allegations in the First Amended Counterclaims to devine the basis for its one sentence misuse affirmative defense (Opposition at 10-11), which OMG disputes, the First Amended Counterclaims' overly broad and conclusory allegations still do not provide the particularity required by Rule 9(b). Rather, the counterclaims assume, without alleging a basis for the assumption, the central premise of the misuse claim—the invalidity of the '765 patent. As a result, Trufast's affirmative defense of patent misuse fails to plead a factual basis for the invalidity of the '765 patent as a matter of law.

Trufast asserts baldly that "[i]n response to the September, 2000 Infringement Allegations, counsel for TRUFAST supplied evidence to OMG of prior art that invalidates the '765 Patent pursuant to 35 U.S.C. Sections 102 and/or 103" and that "OMG knows or should know that the '765 patent is invalid."[4] See First Amended Counterclaims ¶¶ 6, 7. Simply stating that a patent is invalid does not state why it is invalid. Indeed, none of these allegations, establish a factual basis for Trufast's allegations that OMG brought this action in bad faith, knowing that the '765 patent upon which they were suing was invalid as a matter of law. See

---

[4] These allegations, by their use of the present tense and inclusion of the words "or should know" are legally improper, irrelevant and prejudicial and should also be stricken. The relevant timeframe for OMG's alleged knowledge of invalidity is only the time of making the allegations or filing this matter, not its knowledge or understanding now or sometime in the future. See C.R. Bard, 157 F.3d at 1369 ("Neither the bringing of an unsuccessful suit to enforce patent rights, nor effort to enforce a patent that falls to invalidity, subjects the suitor to antitrust liability."). In addition, the standards discussed above clearly require "knowing" to entail both objective and subjective components. Id. at 1368-69. Accordingly, the "or should know" part of paragraph 7 should be stricken as it invites a jury looking at the counterclaims to commit reversible legal error by basing a decision on a negligence or "should know" standard. In addition, all references to knowing in the present tense in paragraphs 7, 11, and 34 must be stricken and replaced with appropriate past tense usage to prevent a jury from potentially committing reversible error by basing a verdict on OMG's current or future knowledge or understanding.

5

Raines, 1997 WL 578547 at *4-5. The pleading is devoid even of any allegations about the "evidence . . . of prior art" and when, what, where, how or why any such evidence establishes that each claim of the '765 patent was either invalid under §102(a)[5] or §102(b)[6] or any other subpart of § 102 or § 103.

      Accordingly, Trufast's affirmative defense of patent misuse should be stricken, with leave to amend, only if, within the confines of Rule 11, it can plead a factual basis to support the underlying premise of its misuse claim, that its "evidence . . . of prior art" invalidates the '765 patent as a matter of law and that somehow OMG—or any other party in OMG's shoes—would have been aware of this invalidity. See Raines, 1997 WL 578547 at *4-5 (striking misuse defense and counterclaims); Advanced Cardiovascular, 1996 WL 467293 at *13 (striking patent misuse affirmative defense for failure to provide factual basis for misuse affirmative defense); see also FDIC v. Eckert Seamans Cherin & Mellott, 754 F.Supp. 22, 23 (E.D.N.Y. 1990) (when "the defense is insufficient as a matter of law, the defense should be stricken to eliminate the delay and unnecessary expense from litigating the invalid claim.").[7]

---

[5] "[K]nown or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent."

[6] "[P]atented or described in a printed publication in this or a foreign country or in public use or on sale in this country more than one year prior to the date of the application for patent in the United States."

[7] It is worth noting that because OMG's patent is presumed valid and its assertions of infringement are presumed to be made in good faith, to preserve the benefits of the patent system and to protect patentees from facing the types of baseless claims that Trufast makes here, even if Trufast is able to amend its affirmative defense and counterclaims to plead a factual basis of invalidity as a matter of law and objective baselessness and subjective "bad faith," (required by Noerr) at trial it must prove these claims by "clear and convincing evidence." Loctite Corp. v. Ultraseal LTD, 781 F.2d 861, 876-77 (Fed. Cir. 1985) overruled on other grounds by Nobelpharma AB v. Implant Innovations, Inc., 141 F.3d 1059, 1068 (Fed. Cir. 1998).

6

## **CONCLUSION**

Accordingly, OMG respectfully requests the Court to strike Trufast's patent misuse affirmative defense, paragraphs 8 and 9 and the second sentence of paragraph 10 of the First Amended Counterclaim. In addition, the First Amended Counterclaim's reference at paragraphs 7 to "or should know" should be stricken and all references to the use of the word "know" in the present tense should be changed to the past tense.

Dated:  February 24, 2006

Respectfully submitted,
The Plaintiff,
OMG, INC.
By Its Attorneys:

 /s/ Seth M. Wilson
Seth M. Wilson
  BBO No.  640270
James C. Duda
  BBO No.  551207
Gaston de los Reyes
  BBO No.  662200
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA  01115-5507
Tel.: (413) 272-6288
Fax: (413) 272-6806

Clifford P. Kelly, Esq.
Guy D. Yale, Esq.
Alix, Yale & Ristas, LLP
750 Main Street, 14th Floor
Hartford, CT  06103-2721
Tel: (860) 527-9211
Fax: (860) 527-5029

328175

CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE was served this 24th day of February, 2006, by first class United States mail, to the following counsel of record:

Michael J. Rye, Esq.
Daniel E. Bruso, Esq.
Cantor Colburn LLP
55 Griffin Road South
Bloomfield, CT  06002

                                                  __/s/ Seth M. Wilson_____
                                                  Seth M. Wilson