UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| OMG, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 05-30200 (MAP) |
| v. | § | |
| | § | |
| | § | |
| TRUFAST CORPORATION | § | |
| | § | |
| Defendant. | § | |
| | § | |

## DEFENDANT TRUFAST CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S FOURTH, FIFTH AND SIXTH COUNTERCLAIMS

Defendant TRUFAST Corporation ("TRUFAST") submits its opposition to Plaintiff OMG, Inc.'s Motion to Dismiss Defendant's Fourth, Fifth and Sixth Counterclaims (the "Motion to Dismiss').  In support thereof, TRUFAST relies upon the pleadings filed to date and states as follows.

### I.    INTRODUCTION

Plaintiff's Motion to Dismiss represents Plaintiff's latest attempt to avoid providing a substantive response to TRUFAST's allegations that Plaintiff intentionally interfered with TRUFAST's advantageous relations (Fourth Counterclaim), engaged in unfair competition (Fifth Counterclaim) and violated the Lanham Act (Sixth Counterclaim and, together with the Fourth and Fifth Counterclaims, the "Counterclaims"). [1]  The Motion is predicated upon the incorrect belief that claims falling within the scope of the *Noerr-Pennington* doctrine must meet a heightened pleading

---

[1]    This Court may recall that, on April 24, 2006, it denied Plaintiff's Motion to Strike the allegations upon which the Fourth, Fifth and Sixth Counterclaims are based.

standard and a complete disregard for the plain language of the Counterclaims and the inferences that may be drawn therefrom. Accordingly, this Court should deny the Motion to Dismiss.

Even if this Court finds that TRUFAST has not set forth sufficient facts to support its claims, and it has, dismissal is unwarranted and inappropriate. Instead, this Court should provide TRUFAST with a brief extension of time to amend its Counterclaim to provide such additional information as this Court may require. Doing so will not prejudice any party, and will conserve judicial resources by eliminating the need for TRUFAST to seek leave to amend its Counterclaims.

## II.    BACKGROUND

This is a patent infringement case. Plaintiff incorrectly claims that TRUFAST infringes United States Patent No. 6,050,765, entitled "Fastener For Logs And Fastening Technique Therefor" (the " '765 Patent"). *See* Complaint Seeking Damages and Request For Jury Trial ("Complaint"), Docket No. 1-1, ¶¶ 6, 12 – 14.   Plaintiff claims that the '765 Patent is directed toward a screw for securing wood pieces, that the invention is particularly useful for securing logs for a wood home, and that TRUFAST's LumberJack, Fast Wing and TimberFast fasteners (collectively, the "Accused Devices") infringe the '765 Patent. *Id.* at ¶¶ 8, 12 – 14.

TRUFAST denies that the Accused Devices infringe the '765 Patent. *See* Defendant TRUFAST Corporation's Answer and Counterclaims (the "Answer"), Docket No. 10, ¶¶ 12 – 14. TRUFAST has asserted several affirmative defenses, including without limitation that the '765 Patent is invalid, that Plaintiff's claims are barred under the doctrine of laches and equitable estoppel and that the '765 Patent is unenforceable by

virtue of Plaintiff's misuse of the Patent. *Id.* at Affirmative Defenses, ¶¶ 1 – 6. TRUFAST also asserts counterclaims seeking declaratory judgments of invalidity and non-infringement (Counterclaims I, II and III), together with damages attributable to Plaintiff's intentional interference with TRUFAST's advantageous relationships (Counterclaim IV), unfair competition (Counterclaim V), and violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1128(a) (Counterclaim VI). *See* Amended Counterclaim, Docket No. 17, ¶¶ 12 – 34. It is the last three counterclaims that are the subject of the Motion to Dismiss.

The Amended Counterclaim sets forth the basis for the Counterclaims. In particular, paragraphs 5 – 11 provide that:

5.    In or about September, 2000, OMG's counsel informed TRUFAST of its belief that the accused products infringe the `765 Patent ("the September 2000 Infringement Allegations").

6.    In response to the September, 2000 Infringement Allegations, counsel for TRUFAST supplied evidence to OMG of prior art that invalidates the `765 Patent pursuant to 35 U.S.C. §§ 102 and/or 103. OMG did not respond in any way to the evidence of invalidity until filing the instant lawsuit some five years later.

7.    OMG knows or should know that the `765 Patent is invalid.

8.    OMG offers for sale its products that embody the `765 Patent for approximately forty percent more than TRUFAST offers its accused products for sale

9.    In February 2005 at the National Roofing Contractors Association show ("NRCA") in Orlando, Florida, counterclaimants chief executive officer was approached by Hugh McGovern, OMG's CEO for a private meeting. At the meeting, Mr. McGovern stated OMG and TRUFAST were the only competitors in the timber fasteners market and that TRUFAST should raise its prices. TRUFAST declined the request.

10.    In approximately March, 2005, OMG contacted a TRUFAST customer, Perma-Chink Systems and quoted a proposed price for its patented products at forty-four percent above TRUFAST's quoted price.

11.    OMG stated to Perma-Chink Systems that TruFast's products infringe the `765 Patent despite knowing that the `765 Patent is invalid or not infringed.

Amended Counterclaim [Docket No. 17], ¶¶ 5 – 11.

The Counterclaims are predicated upon these allegations. In particular, the Fourth Counterclaim, which specifically incorporates the foregoing paragraphs, alleges that Plaintiff was aware that TRUFAST is in negotiations with another company for the purchase of an interest in TRUFAST and that the lawsuit was timed so as to interfere with the negotiations. *Id.* at ¶¶ 19, 20. The Fourth Counterclaim further alleges that Plaintiff knew of TRUFAST's business relationship with Perma-Chink when it falsely claimed that the TRUFAST's products infringed the '765 Patent, in an attempt to deter Perma-Chink from purchasing from TRUFAST. *Id.* at ¶¶ 21 – 23. Finally, the Fourth Counterclaim alleges that Plaintiff knew that its infringement allegations were false when it made them. *Id.* at ¶ 23.

The Fifth Counterclaim, which incorporates paragraphs 5 – 11 as well as the allegations in the Fourth Counterclaim, alleges that Plaintiff's conduct constitutes unfair competition. *Id.* at ¶ 27. The basis for this claim is found in paragraphs 5 – 11 and the Fourth Counterclaim.

The Sixth Counterclaim sets forth the basis for TRUFAST's claim that Plaintiff is violating Section 43(a) of the Lanham Act. The Sixth Counterclaim expressly incorporates paragraphs 5 – 11, as well as the allegations in the Fourth and Fifth

4

Counterclaims. In addition, the Sixth Counterclaim explicitly alleges that Plaintiff violated Section 43(a) by falsely representing that (1) TRUFAST's products infringe the '765 Patent; (2) the false representations actually deceive or have a tendency to deceive a substantial segment of their audience; (3) the false representations are likely to influence purchasing decisions; and (4) Plaintiff made its false representations in bad faith because they knew that the '765 Patent was invalid, unenforceable and not infringed at the time that they made the representations.

### III.    ARGUMENT

Plaintiff incorrectly believes that it is presumptively shielded from liability under the *Noerr-Pennington* doctrine[2], even though it has brought the instant litigation, not to enforce its rights, but to use the litigation process to damage TRUFAST. *See* Plaintiff's Memorandum In Support Of Motion To Dismiss Defendant's Fourth, Fifth and Sixth Counterclaims ("Plaintiff's Memorandum") [Docket No. 30]. Plaintiff further believes, incorrectly that the *Noerr-Pennington* doctrine imposes a heightened pleading requirement upon TRUFAST. Both of these beliefs are false.

Plaintiff's Motion to Dismiss appears to be predicated upon Fed. R. Civ. P. 12(b)(6), which provides that:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ...

---

[2]    TRUFAST does not disagree with Plaintiff's assertion that the *Noerr-Pennington* doctrine applies to the Fourth, Fifth and Sixth Counterclaims, or that the doctrine generally protects parties from counterclaims based upon their **legitimate** use of the Courts to seek redress of wrongs. However, as set forth more fully below, there is nothing legitimate about Plaintiff's attempt to damage TRUFAST through the process and existence of this litigation, rather than the outcome.

(6) failure to state a claim upon which relief can be granted....

Fed. R. Civ. P. 12(b)(6).

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court "accept[s] as true the well-pleaded factual allegations of the complaint, draw[s] all reasonable inferences therefrom in the... [non-moving party's]... favor and determine[s] whether the complaint, so read, sets forth facts sufficient to justify recovery on any cognizable theory." *Martin v. Applied Cellular Technology, Inc.*, 284 F.3d 1, 6 (1st Cir. 2002).

In the present case, the factual allegations underlying the Counterclaims are set forth in paragraphs 5 – 11 of the Counterclaim and in the Counterclaims themselves. *See* Section II, *supra*. Significantly, Plaintiff does not dispute that, but for the *Noerr-Pennington* doctrine, the Counterclaims do, in fact, state a claim upon which relief can be granted. *See Plaintiff's Memorandum*. Accordingly, once this Court disposes of Defendants' *Noerr-Pennington* allegations, it may deny the instant Motion.

A.  **THE *NOERR-PENNINGTON* DOCTRINE DOES NOT IMPOSE A HEIGHTENED PLEADING RERUIREMENT OR OTHERWISE REQUIRE THAT CLAIMS BE PLED WITH PARTICULARITY BEYOND THE NOTICE PLEADING REQUIREMENTS OF FED. R. CIV. P. 8.**

Plaintiff's suggestion that TRUFAST somehow fails to meet the requirements of a so-called heightened pleading requirement, *see* Plaintiff's Memorandum, pp. 6 – 7, fails in view of decisions by the Supreme Court, the First Circuit, the Ninth Circuit and the Courts of this District holding that (1) heightened pleading requirements are only imposed when they are required under a specific statute or federal rule; and (2) no statute or rule supports the imposition of a heightened pleading requirement claims falling under the *Noerr-Pennington* doctrine. *See Leatherman v. Tarrant County Narcotics*

6

*Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993). In *Leatherman*, the Supreme Court reversed a Fifth Circuit decision imposing a "heightened pleading standard" upon civil rights claims brought under 42 U.S.C. § 1983. The Court stated that "[w]e think that it is impossible to square the 'heightened pleading standard' applied by the Fifth Circuit in this case with the liberal system of 'notice pleading' set up by the Federal Rules. Rule 8(a)(2) requires that a complaint include only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* The Court noted that, while Rule 9(b) imposes particularity requirements for cases involving fraud or mistake, it does not extend to other types of claims. *Id.* The Court recognized that the expression of one thing excludes things not mentioned when it held that Rule 9(b) was limited to the actions set forth in the rule. *Id.* ("*expressio unius est exclusio alterius*").

Nine years later, the Supreme Court clarified the scope of its ruling in *Leatherman* when it held that "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The only exceptions that the *Swierkiewicz* Court articulated were those found in Fed. R. Civ. P. 9. *Id.*; *see also Educadores Puertorriquenos En Accion v. Hernandez*, 367 F.3d 61, 64 – 65 (1st Cir. 2004) (collecting Supreme Court cases establishing the demise of the heightened pleading standard except where required by statute or rule).

In 2005, the Ninth Circuit both recognized that claims subject to the *Noerr-Pennington* doctrine are not subject to a heightened pleading requirement. *Empress LLC v. City and County of San Francisco*, 419 F.3d 1052, 1056 (9th Cir. 2005). The Court, relying upon the same Supreme Court cases that the First Circuit did in *Educadores*

*Puertorriquenos En Accion*, *supra*, held that "a heightened pleading requirement should only be applied when the Federal Rules of Civil Procedure so require." *Id.*

Finally, at least two courts in this District have specifically recognized that counterclaims governed by *Noerr-Pennington* that involve patents do not fall within any exceptions to Rule 8(a)'s notice pleading requirements. In *Honeywell Consumer Products, Inc. v. Windmere Corp.*, the plaintiff sought to dismiss counterclaims that it had brought a patent infringement suit knowing that its patent was "invalid, unenforceable and/or not infringed…." 993 F.Supp. 22, 24 (D. Mass. 1998). Judge Gorton, relying upon *Leatherman*, held that "[t]here is no heightened pleading requirement for a claim of unfair competition based upon the institution of sham litigation." *Id.* (*citing Leatherman*, *supra*; *Skinder-Strauss Assoc. v. Mass. Continuing Legal Education, Inc.*, 870 F.Supp. 8, 11 (D. Mass. 1994) (*Noerr-Pennington* did not impose heightened pleading standard for counterclaims brought in copyright infringement case)).

Based on the foregoing, there is simply no basis for Plaintiff's suggestion that the Counterclaims are subject to a heightened pleading standard that requires any more particularity than the notice requirements of Fed. R. Civ. P. 8(a). On its face, Rule 8(a) requires nothing more than "a short and plain statement of the claim showing that the pleader is entitled to relief…." Fed. R. Civ. P. 8(a)(2); *see also*

TRUFAST's allegations comply with Rule 8(a)(2). In particular, and as set forth in Section II, *supra*, paragraphs 5 – 11 articulate the basis for TRUFAST's allegations that Plaintiff is knowing asserting an invalid patent. The individual Counterclaims articulate any additional allegations needed in order to establish TRUFAST's entitlement to relief, including the manner in which Plaintiff is interfering with TRUFAST's

8

advantageous relations (Fourth Counterclaim) and violating the Section 43(a) of the Lanham Act (Sixth Counterclaim).  Since Plaintiff does not dispute that these allegations are sufficient when the correct standard is applied, there is no basis for Plaintiff's Motion to Dismiss.

**B.    TRUFAST'S COUNTERCLAIMS FALL WITHIN THE SHAM EXCEPTION TO THE *NOERR-PENNINGTON* DOCTRINE.**

When TRUFAST's allegations are evaluated under the correct pleading standard, it is abundantly clear that TRUFAST has pled facts sufficient to place its Counterclaims squarely within the "sham exception" to the *Noerr-Pennington* doctrine.  Under the sham exception, claims that are objectively baseless and intended to use the litigation process to interfere with a competitor's business are not barred by the *Noerr-Pennington* doctrine. *Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc.*, 508 U.S. 49, 60 – 61 (1993).  A claim is improper when its purpose is "not to win a favorable judgment, but to harass a competitor and deter others from competition, by engaging the litigation process itself, regardless of the outcome."  *Id @* 73 (*citing Grip Pak, Inc. v. Illinois Tool Works, Inc.*, 694 F.2d 466, 472 (7th Cir. 1982)).; *see also Empress LLC v. City and County of San Francisco*, 419 F.3d 1052, 1057 (9th Cir. 2005) (claims that use government processes, as opposed to the outcome of those processes, fall within the sham exception to the *Noerr-Pennington* doctrine).

In its Counterclaims, TRUFAST sets forth the bases for its claims that Plaintiff's claims are objectively baseless.  In particular, TRUFAST alleges that, in or about September, 2000, it provided Plaintiff with prior art that invalidates the '765 Patent and that Plaintiff filed suit even though it knows that the '765 is invalid.  Amended Counterclaim, ¶¶ 5 – 7.

Knowingly asserting an invalid patent satisfies the "objectively baseless" prong of the *Professional Real Estate Investor, Inc.* Court's test. *See Morton Grove Pharmaceuticals, Inc. v. Par Pharmaceutical Companies, Inc.*, 2006 WL 850873, at *11 (N.D.Ill. March 28, 2006); *Cf. Knoll Pharm. Co., Inc. v. Teva Pharms. USA, Inc.*, 2001 WL 1001117, at *3 (N.D.Ill. August 24, 2001) (sham exception was satisfied where defendant put plaintiff on notice that patent was invalid prior to filing suit and alleged that plaintiff had no expectation that patent would be enforced).

Under *Morton Grove* and *Knoll Pharm.*, TRUFAST's explicit allegations that Plaintiff is knowingly asserting an invalid patent satisfies *Professional Real Estate Investor, Inc.* In particular, knowingly asserting an invalid patent cannot be anything other than objectively baseless, because there can be no expectation of anything other than a stinging loss. Accordingly, this Court should find that the first prong of *Professional Real Estate Investor, Inc.* is met.

This Court should disregard any suggestion that the presumption of validity provided by 35 U.S.C. § 282 provides a safe haven for Plaintiff's sham litigation. The *Morton Grove* Court dealt with this issue when it held that the presumption of validity "merely set[s] forth the parties' evidentiary burdens. Patent invalidity is a statutory defense and the presumption of validity can be rebutted. 35 U.S.C. § 282. On a motion to dismiss, all that is required is that MGP allege facts that, if proved, show Par is engaged in sham litigation. *Id.* (*citing Jarrow Formulas, Inc. v. Int'l Nutrition Co.*, 175 F.Supp.2d 296, 310 11 (D.Conn.2001)). The same standard applies to TRUFAST, and supports denial of the Motion to Dismiss.

TRUFAST also alleges sufficient facts to satisfy the second prong of *Professional Real Estate Investor, Inc.* In particular, TRUFAST explicitly states that Plaintiff timed the lawsuit to interfere with TRUFAST's sale negotiations and that it used the threat of patent infringement to interfere with TRUFAST's relationship with Perma-Chink. These allegations, which are incorporated into each of the Counterclaims, satisfy the second prong of *Professional Real Estate Investor, Inc.* Professional Real Estate Investors, Inc., 508 U.S. at 60 – 61, 73 (claim is improper when its purpose is "not to win a favorable judgment, but to harass a competitor and deter others from competition, by engaging the litigation process itself, regardless of the outcome") (*citing Grip Pak, Inc. v. Illinois Tool Works, Inc.*, 694 F.2d 466, 472 (7th Cir. 1982)).

At least two courts in Massachusetts have recognized that allegations similar to TRUFAST's are sufficient to meet both prongs of the sham litigation exception. *See Honeywell Consumer Products, Inc. v. Windmere Corp.*, 993 F.Supp. 22, 24 (1998); *Skinder-Strauss Assoc. v. Mass. Continuing Legal Education, Inc.*, 870 F.Supp. 8, 11 (D. Mass. 1994). In *Honeywell Consumer*, the defendant in a patent infringement action alleged that the plaintiff "brought this suit knowing or believing that its patent is invalid, unenforceable and/or not infringed by Windmere's products." *Id.* at 23. After finding that no heightened pleading requirement exists for claims falling under *Noerr-Pennington*, the Court found that "[t]he facts alleged by Windmere fall within the sham litigation exception to the *Noerr-Pennington* doctrine." *Id.* at 24 (*citing Carroll Touch, Inc. v. Electro Mechanical Systems, Inc.*, 15 F.3d 1573, 1582 (Fed. Cir. 1993)).

In *Skinder-Strauss*, the defendant alleged that the plaintiff's copyright action was brought solely to destroy competition and that the suit violated M.G.L.A. c. 93A and the

Sherman Antitrust Act. *Skinder-Strauss Assoc. Inc.*, 870 F.Supp. at 9. Judge Saris found that, "[b]ecause MCLE's counterclaims allege that the lawsuit is objectively baseless and conceals an attempt to interfere directly with the business relations of a competitor, the counterclaims adequately state a claim and should not be dismissed under Fed. R. Civ. P. 12(b)(6).[3] *Id.* at 10.

Under Rule 12(b)(6), TRUFAST's allegations, and the reasonable inferences drawn therefrom, are taken as true for the purposes of the Motion to Dismiss. *Martin v. Applied Cellular Technology, Inc.*, 284 F.3d 1, 6 (1st Cir. 2002). When taken as true, TRUFAST clears the *Noerr-Pennington* doctrine's sham exception because, like the defendants in *Honeywell Consumer* and *Skinder-Strauss*, TRUFAST alleges that Plaintiff brought this action knowing that the '765 Patent is invalid, and that it did so in order to interfere directly with TRUFAST's business relations. *See* Section II, *supra.* Accordingly, this Court should deny the Motion to Dismiss.

**C.    THIS COURT SHOULD PERMIT TRUFAST TO AMEND ITS COUNTERCLAIM IF IT DETERMINES THAT ADDITIONAL INFORMATION IS NECESSARY.**

Even if this Court finds that TRUFAST has not satisfied the *Professional Real Estate Investor, Inc.* Court's sham exception test, and it has, dismissing the Counterclaims will do little except to consume the Court's and parties' resources. In particular, if the Counterclaims are dismissed, TRUFAST intends to seek leave to file a Second Amended Counterclaim that will correct any issues found by this Court to exist in the Counterclaims. Rather than consuming resources litigating whether the amendment should be permitted under the liberal standards of Fed. R. Civ. P. 15, TRUFAST

---

[3]    The *Skinder-Strauss* Court also found that no heightened pleading standard existed for claims falling under the *Noerr-Pennington* doctrine. *Id.* at 11.

respectfully requests that this Court grant it fourteen (14) days to file a Second Amended Counterclaim.

### III.    **CONCLUSION**

Plaintiff's Motion to Dismiss is predicated upon an incorrect pleading standard. When TRUFAST's Counterclaims are evaluated under the "short and plain statement" standard required by Fed. R. Civ. P. 8(a), it is clear that TRUFAST's Counterclaims fall within the sham exception to the *Noerr-Pennington* doctrine, and that TRUFAST has pled sufficient facts to satisfy the *Professional Real Estate Investor, Inc.* Court's sham exception test. Accordingly, this Court should deny Plaintiff's Motion to Dismiss.


Date: 6/2/2006                          Respectfully Submitted,
                                        TruFast Corporation
                                        By Its Attorneys


                                        By:    /s/ Daniel E. Bruso
                                               Daniel E. Bruso, Esq. BBO #631746
                                               Michael J. Rye, Esq. BBO #556383
                                               Cantor Colburn LLP
                                               55 Griffin Road South
                                               Bloomfield, CT 06002
                                               860-286-2929
                                               Fax: 860-286-0115
                                               **mrye@cantorcolburn.com**
                                               **dbruso@cantorcolburn.com**

## <u>CERTIFICATE OF SERVICE</u>

I, Daniel E. Bruso, Esq., hereby certify that, on June 2, 2006, I served a copy of the foregoing document via the ECF system upon all counsel of record:


Seth M. Wilson
James C. Duda
Gaston de los Reyes
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115

Guy D. Yale
Clifford P. Kelly
Alix, Yale & Ristas, LLP
750 Main Street, Suite 1400
Hartford, CT 06103-2721


                    __/s/Daniel E. Bruso_____
                          Daniel E. Bruso